UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO:

BRIDGET SIEBERT,

      Plaintiff,

v.

3AUB ENTERPRISES, INC., a Florida for-profit corporation d/b/a CAFÉ PERKS; A3UB ENTERPRISES, INC., a Florida for-profit corporation d/b/a CAFÉ PERKS; UA3 ENTERPRISES, INC. d/b/a CAFÉ PERKS; AJAY BHALLA, UMA BHALLA, and ANUJ BHALLA,

      Defendants.
_____/

## COMPLAINT FOR DAMAGES AND JURY TRIAL DEMANDED

Plaintiff, BRIDGET SIEBERT ("SIEBERT") by and through her undersigned attorney, files this, her Complaint for Damages against Defendants, 3AUB ENTERPRISES, INC. d/b/a CAFÉ PERKS (hereinafter, "3AUB"); A3UB ENTERPRISES, INC. d/b/a CAFÉ PERKS, (hereinafter "A3UB"); UA3 ENTERPRISES, INC. a Florida corporation d/b/a CAFÉ PERKS (hereinafter, "UA3"); AJAY BHALLA, UMA BHALLA, and ANUJ BHALLA, and states as follows:

## INTRODUCTION

1.    This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendants were enterprises engaged in interstate commerce. At all times pertinent to this Complaint, the corporate Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. The Defendants operated a chain of restaurants that operated as a unified business enterprise. Plaintiff, SIEBERT's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. This included food, drinks, utensils, equipment, condiments, and other food preparation materials that were manufactured outside the State of Florida.

4. In addition to the Plaintiff, the Defendants had at least ten (10) other employees. handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. This, also, included food, drinks, utensils, equipment, condiments, and other food preparation materials that were manufactured outside the State of Florida.

5. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

6. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Middle District of Florida.

7. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Middle District of Florida.

## VENUE

8. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in the Middle District of Florida

    and,

    b. Defendants were and continue to be a corporation and an individual doing business within this judicial district.

## PARTIES

9. At all times material hereto, Plaintiff, SIEBERT was an "employee" of the Defendants within the meaning of the FLSA.

10. At all times material hereto, corporate Defendants were conducting business in Casselberry and Longwood, Florida, respectively. The three corporate Defendants operated a unified business enterprise (a chain of restaurants) where the Plaintiff worked.

11. At all times material hereto, the Defendants were the employers of Plaintiff, SIEBERT.

12. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

13. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff, SIEBERT her lawfully earned wages in conformance with the FLSA.

14. Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

15. At all times material hereto, the corporate Defendants were "enterprise[s]" engaged in commerce" within the meaning of the FLSA.

16. During the applicable period of the Plaintiff's employment the Defendants' business enterprise had at least $500,000 in annual sales.

17. At all times material hereto, the work performed by Plaintiff, SIEBERT was directly essential to the business performed by Defendants.

18. Plaintiff, SIEBERT has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

19. From about 2009 through the present date, Plaintiff, SIEBERT was employed by the Defendants as a cook. She was paid on an hourly basis.

20. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff, SIEBERT.

21. Defendants, AJAY BHALLA, UMA BHALLA, and ANUJ BHALLA were supervisors and/or managers/owners who were involved in the Defendant restaurants' day-to-day operations and/or were directly responsible for the supervision of Plaintiff, SIEBERT. Therefore, they are personally liable for the FLSA violations.

22. Defendants, AJAY BHALLA, UMA BHALLA, and ANUJ BHALLA were directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff, SIEBERT.

23. Plaintiff, SIEBERT has retained Bober & Bober, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

## COUNT I

## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

24. Plaintiff, SIEBERT repeats and realleges Paragraphs 1 through 23 as if fully set forth herein.

25. Plaintiff, SIEBERT'S employment with the Defendants was to consist of a normal work week for which she should have received time and one-half for her hours worked in excess of the maximum hours provided for in the FLSA.

26. During Plaintiff, SIEBERT'S employment, Plaintiff, SIEBERT worked hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half for all of her hours.  Plaintiff, SIEBERT was entitled to be paid at the rate of time and one-half for all of her hours worked in excess of the maximum hours provided for in the FLSA.

27. The Defendants failed to record all work hours worked by the Plaintiff.

28. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, SIEBERT at the statutory rate of time and one-half for all the hours she worked in excess of forty (40) hours per week when they knew or should have known such was due.

29. Defendants failed to properly disclose or apprise Plaintiff, SIEBERT of her rights under the FLSA.

30. The Defendants failed to comply with the FLSA's recordkeeping requirements.

31. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, SIEBERT is entitled to liquidated damages pursuant to the FLSA.

32. Due to the willful and unlawful actions of the Defendants, Plaintiff, SIEBERT has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

33. Plaintiff, SIEBERT is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, SIEBERT respectfully requests that judgment be entered in her favor against the Defendants:

    a.    Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

    b.    Awarding Plaintiff, SIEBERT overtime compensation in the amount calculated;

    c.    Awarding Plaintiff, SIEBERT liquidated damages in the amount calculated;

    d.    Awarding Plaintiff, SIEBERT reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e.    Awarding Plaintiff, SIEBERT post-judgment interest; and

    f.    Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff, SIEBERT demands trial by jury on all issues so triable as of right by jury.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
2699 Stirling Road, Suite-A304
Hollywood, FL 33312
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com
By:  /s. *Peter J. Bober, Esq.*
     FBN:  0122955