UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRIDGET SIEBERT,

      Plaintiff,

v.                                    Case No: 6:19-cv-1895-Orl-31LRH

3AUB ENTERPRISES, INC., a Florida
for-profit corporation d/b/a CAFÉ PERKS;
A3UB ENTERPRISES, INC., a Florida
for-profit corporation d/b/a CAFÉ PERKS;
UA3 ENTERPRISES, INC. d/b/a CAFÉ
PERKS; AJAY BHALLA, UMA
BHALLA, and ANUJ BHALLA,

      Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT
## AND FOR DISMISSAL WITH PREJUDICE

      The Plaintiff and all Defendants (Defendants and Plaintiff hereinafter referred to as the "Parties"), respectfully request that the Court review the resolution of Plaintiff's FLSA claims, approve the Parties' settlement of those claims, and enter an Order dismissing this action with prejudice, and in support thereof state as follows:

      1.     On October 4, 2019, Plaintiff filed this civil action alleging violations of the Fair Labor Standards Act ("FLSA").

      2.     Plaintiff alleges that she was not paid for all the overtime compensation during her employment with the Defendants. Defendants deny that Plaintiff is entitled to any relief whatsoever, and maintain that Plaintiff was fully compensated for all hours that she worked for the Company. Nonetheless, the Parties have negotiated a compromise of Plaintiff's claims. The settlement negotiations were protracted, and a settlement was reached after the Parties investigated the matter and exchanged information. Moreover, the case involves disputed issues of liability

1

and damages.

3. The Parties stipulate that the negotiated compromise and settlement reached between them represents a fair resolution of Plaintiff's FLSA claims, as well as Plaintiff's reasonable attorneys' fees and costs. The Agreement is fair because the Parties believe that the Settlement pays the Plaintiff for 100% of her FLSA overtime wages, and not less than 60% of any available FLSA liquidated damages. The amounts paid for attorneys' fees and costs were negotiated as a separate amount paid to the Plaintiff.

Despite the defenses to Plaintiff's claims in this matter, to avoid the costs and uncertainty of further litigation, Defendants have agreed to a compromise resolution of Plaintiff's FLSA Claims. As set forth in the attached Agreement being submitted for the Court's review, Defendants have agreed to pay Plaintiff consideration of $21,000.00 comprised of $7,000.00 in W-2 wages to Siebert, $7,000.00 for liquidated damages, a separate payment for $1,000.00 exclusively in consideration for Plaintiff executing a general release of claims, $5,155.85 in attorneys' fees, and $844.15 in attorney costs.

The Parties agree that the $1,000.00 paid by the Defendants in exchange for a general release of claims by Plaintiff, was negotiated as a separate, *additional* amount from all other payments made hereunder, and did not affect the Plaintiff's FLSA Settlement.

The Parties further agree that the amount paid for attorneys' fees and costs was negotiated as a completely separate amount from the amounts paid to the Plaintiff under this Agreement.

4. Defendants desire to settle this case, even though the claims herein are defensible, for the sole purpose of ending the expense of attorneys' fees which Defendants know will far outweigh the cost of settlement.

5. Both Plaintiff and Defendants have been represented by competent counsel with

FLSA experience throughout the negotiation process. The Parties agree, based on the scope of the claims and the costs of continued litigation that the settlement of Plaintiff's FLSA claims represents a fair and reasonable resolution that should be approved by the Court.

6. Attached hereto as Exhibit "A" is a copy of the Parties' Settlement Agreement.

## MEMORANDUM OF LAW

Pursuant to Eleventh Circuit precedent, judicial review and approval of an FLSA settlement involving a compromise provides final and binding effect. Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in Lynn's Food,

> "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . .
>
> The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

*Id.* at 1352-53.

In accordance with Lynn's Food, the Court's review of the attached Agreement is to determine if the settlement is "a fair and reasonable resolution of a bona fide dispute." Id. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court should approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1) the existence of fraud or collusion behind the settlement;

(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits:
(5) the range of possible recovery; and
(6) the opinions of counsel.

See, e.g, Leverso v. South Trust Bank of Ala., Nat. Assoc., 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist, LEXIS 10287 at *2-3 (M.D. Fla. Jan, 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. Hamilton, 2007 U.S. Dist. LEXIS at *2-3.

The settlement of Plaintiff's FLSA claims in this case did not involve coercion, collusion or any undue influence, but was instead agreed upon voluntarily and after due consideration by both Plaintiff and Defendants after extensive investigation, discovery, and negotiation. To this end, Plaintiff and Defendants have at all times been represented by competent counsel experienced in the litigation of FLSA claims, and the attached Agreement represents a reasonable compromise of Plaintiff's FLSA claims. Based upon the facts and circumstances of this case, the Parties jointly advise the Court that the amount Defendants have agreed to pay under the terms of the Parties' Agreement is a fair and reasonable settlement of a bona fide dispute. The Parties therefore respectfully submit that the attached Agreement should be approved by the Court consistent with precedent, including Lynn's Food, 679 F.2d at 1353.

WHEREFORE, Plaintiff and Defendants, respectfully request that this Court find the settlement of Plaintiff's FLSA claims to be fair and reasonable and dismiss this action with prejudice.

Respectfully submitted this _____ day of December, 2019.

| | |
|---|---|
| BOBER & BOBER, P.A.<br>2699 Stirling Road, Suite A-304<br>Hollywood, FL 33312<br>(954) 922-2298 Telephone<br>(954) 922-5455 Facsimile<br><br>By: */s/ Peter Bober*<br>Peter Bober, Esq.<br>Florida Bar No. 0122955<br>peter@boberlaw.com<br>Attorney for Plaintiff | JET DOT LAW, PLLC<br>12249 Science Drive<br>Suite 155<br>Orlando, FL 32826<br>(407) 494-0135 tel.<br><br>By: */s/. Heather Meglino, Esq.*<br>heather@jet.law<br>Attorneys for Defendants |

# EXHIBIT A

Doc ID: ee0ee230e15889eee407934e64e0de9d8570682

# SETTLEMENT AGREEMENT

Bridget Siebert, for herself and her heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Plaintiff") and 3AUB Enterprises, Inc d/b/a Café Perks, A3UB Enterprises, Inc. d/b/a Café Perks, UA3 Enterprises, Inc. d/b/a Café Perks, Ajay Bhalla, Uma Bhalla and Anuj Bhalla (hereinafter, jointly and severally, the "Company" or "Defendants")(Defendants and Plaintiff hereinafter referred to as the "Parties"), agree that:

WHEREAS, Plaintiff sued Defendants in the United States District Court, Middle District of Florida, Case No. 6:19-cv-01895 (hereafter, the "Litigation"), alleging, *inter alia,* violations of the Fair Labor Standards Act ("FLSA");

WHEREAS, Defendants deny liability herein and any wrongdoing, including, but not limited to, any wrongdoing with respect to Plaintiff's compensation during her employment with the Company; and

WHEREAS, Plaintiff and Defendants wish to avoid litigation and settle and resolve the controversy between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby,

STIPULATED AND AGREED by and between the undersigned Parties that the Litigation is hereby resolved as follows:

1. **Consideration.** In consideration for the execution by Plaintiff of this Settlement Agreement pursuant to the Fair Labor Standards Act (hereinafter, the "Settlement Agreement"), and compliance by Plaintiff with the promises made herein, Defendants agree to pay the total gross sum of Twenty-One Thousand Dollars and Zero Cents ($21,000.00) (the "Payment") to Plaintiff and her attorney by not later than January 7, 2020. The Payment shall not be disbursed by Plaintiff's counsel sooner than the U.S. District Court approves this settlement and dismisses the Litigation with prejudice.

The Payment shall be comprised of $7,000.00 in W-2 wages to Siebert, $7,000.00 for liquidated damages, a separate payment for $1,000.00 exclusively in consideration for Plaintiff executing a general release of claims, and $5,155.85 in attorneys' fees, and $844.15 in attorney costs.

The Parties agree that the $1,000.00 paid by the Defendants in exchange for a general release of claims by Plaintiff, was negotiated as a separate, *additional* amount from all other payments made hereunder, and did not affect the Plaintiff's Settlement.

The Parties agree that the amount paid for attorneys' fees and costs was negotiated as a completely separate amount from the amounts paid to the Plaintiff under this Agreement.

1

Should Defendants fail to timely delivery of the full Payment, Plaintiff's counsel shall give notice to attorney Heather Meglino, Esq. by email (heather@jet.law), cc: hello@jet.law and telephone (417) 544-4329 with three (3) business days to cure the default.  If the Defendants do not make timely payment as set forth herein and fail to cure within the 3 business days, then Plaintiff shall be entitled to seek enforcement in an action or proceeding, and shall be entitled to file and serve on counsel for the Company an Unopposed Motion for Entry of Self-Executing Final Judgment Against Defendants, jointly and severally, for $25,200.00 less any amounts paid hereunder.

The Payment Sum will be delivered to Bober & Bober, P.A. by not later than January 7, 2020, in two (2) checks:  Check # 1 to "Bridget Siebert" for $7,000.00 (less applicable taxable withholdings), and Check # 2 to "Bober & Bober, P.A. Trust Account" for $14,000.00).  In no event shall any of the Payment be distributed to Plaintiff or her counsel as payment until the U.S. District Court approves this Agreement and dismisses the Lawsuit with prejudice.

Plaintiff agrees and acknowledges that she is responsible for the payment to her attorney of any and all attorneys' fees and costs which may be owed by Plaintiff to her attorney in connection with the Litigation.  Defendants make no representation regarding the taxability of the non-wage amounts paid to Plaintiff and/or to Bober & Bober, P.A.  Plaintiff agrees to pay her portion of federal, state or local taxes, if any, which are required to be paid with respect to the non-wage payments made hereunder and further agrees to indemnify Defendants for any penalties assessed against Defendants as a result of Plaintiff's failure to pay her portion of federal, state, or local taxes required to be paid with respect to the non-wage portions of Payment.  Notwithstanding, in no event shall the Plaintiff be responsible for any amounts that were Defendants' lawful obligation to pay.

2. **No Consideration Absent Execution of this Settlement Agreement.**  Plaintiff understands and agrees that she would not receive the monies and/or benefits specified in Paragraph "1" above, except for Plaintiff's execution of this Agreement, dismissal of Plaintiff's claims under the FLSA in the Litigation, with prejudice, and the fulfillment of the promises contained herein.

3. **Dismissal of Action.**  Plaintiff will dismiss the Litigation, with prejudice, by causing her counsel to execute and file the Joint Motion attached as Exhibit "A" to this Agreement and will execute any further papers necessary to accomplish that approval and dismissal.  It is expressly understood that Defendants' obligation to make the Payment is contingent upon the Court entering an Order approving the settlement of the FLSA claims, and dismissing the Litigation with prejudice.

4. **Waiver and Mutual General Release.**  Except as otherwise set forth herein, in consideration for entering into this Agreement, Employee, on behalf of herself and her descendants, dependents, heirs, executors, administrators, assigns and successors, fully, finally and forever releases, absolves, discharges and gives up any and all claims and rights that Plaintiff may have against The Company as well as The Company's past and present owners, principals, agents, managers, shareholders managers, supervisors, parent and affiliated companies, subsidiaries, divisions, directors, officers, administrators, fiduciaries, attorneys, agents, insurers and employees

(collectively "Releasees"). This releases all claims, demands, liens, agreements, contracts, covenants, actions, suits, causes of action, wages, obligations, debts, expenses, attorneys' fees, costs, damages, judgments, orders and liabilities including, but not limited to, those claims, arising out of Plaintiff's employment with The Company and/or her separation from employment, based in law, equity or otherwise, whether direct or contingent, liquidated or unliquidated, accrued or unaccrued, known or unknown, suspected or unsuspected, actual or potential, asserted or unasserted, patent or latent, matured or unmatured, which Plaintiff now owns or holds, has at any time owned or held, or may in the future discover that she had owned or had held against The Company. This Agreement is intended to release any and all claims against the Company as of the date of this Agreement, except as otherwise set forth herein. This is a full and complete release and includes but is not limited to, all claims, demands, and causes of action raised or that could have been raised by Plaintiff against the Company.

Notwithstanding anything to the contrary in this Agreement, nothing herein releases Siebert's workers' compensation benefits claims as they relate to her employment with Café Perks, now pending.

The Company on its own behalf and on behalf of each of its successors and assigns, hereby release Plaintiff of all claims based in law, equity or otherwise, whether direct or contingent, liquidated or unliquidated, accrued or unaccrued, known or unknown, suspected or unsuspected, actual or potential, asserted or unasserted, patent or latent, matured or unmatured, which the Company or Releasees now own or hold, have at any time owned or held, or may in the future discover that they had owned or had held against Plaintiff. This Agreement is intended to release any and all claims against Plaintiff as of the date of this Agreement, without exception. This is a full and complete release and includes but is not limited to, all claims, demands, and causes of action raised or that could have been raised by The Company against Plaintiff.

Notwithstanding anything to the contrary in this Agreement, nothing herein releases Sibert's workers' compensation benefits claims, now pending.

5. **Acknowledgments and Affirmations.** Plaintiff acknowledges and agrees that she will not seek any further compensation from Defendants, except as provided herein. Defendants and Plaintiff affirm that there was no undue influence, overreaching, collusion or intimidation in reaching this Settlement Agreement, each party having been represented by counsel. The Parties acknowledge that the amounts paid herein for attorneys' fees and costs were negotiated as a separate amount than being paid to the Plaintiff.

6. **Non-Admission of Wrongdoing.** The Parties agree that neither this Settlement Agreement nor the furnishing of the consideration for this Settlement Agreement, nor any other agreement between the Parties, shall be deemed or construed at any time for any purpose as an admission by Released Parties of wrongdoing or evidence of any liability or unlawful conduct of any kind.

7. **Governing Law, Severability, and Interpretation.** This Settlement Agreement shall be governed and conformed in accordance with the laws of the State of Florida without regard to its conflict of laws provision. Should any provision of this Settlement Agreement

be declared illegal or unenforceable by a court, the Parties agree that the court can interpret or modify it to be enforceable.

8. **Execution in Counterparts.** This Settlement Agreement may be signed in counterparts, both of which shall be deemed an original, but both of which, taken together, shall constitute the same instrument. A signature made on a faxed or electronically mailed copy of this Settlement Agreement, or a signature transmitted by facsimile or electronic mail, shall have the same effect as the original signature.

9. **Amendment.** This Settlement Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Settlement Agreement, or by a court to the extent necessary to render it enforceable as set forth in Paragraph 7 above.

10. **Enforcement of Payment**. Should Plaintiff be required to enforce the payment terms of this Agreement, the prevailing party in any such action or proceeding shall be entitled to reasonable attorneys' fees and costs from the non-prevailing party.

THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS SETTLEMENT AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS SETTLEMENT AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS SETTLEMENT AGREEMENT ARE CONTAINED HEREIN.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE PAYMENT SET FORTH IN PARAGRAPH "1" ABOVE, PLAINTIFF FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST DEFENDANTS PURSUANT TO THE FAIR LABOR STANDARDS ACT.

THE PARTIES ARE SIGNING THIS SETTLEMENT AGREEMENT VOLUNTARILY AND KNOWINGLY.

The Parties knowingly and voluntarily sign this Settlement Agreement as of the date(s) set forth below:

Dated: December 20, 2019          _____
                                   Bridget Siebert

Dated: December 26, 2019   3AUB Enterprises, Inc d/b/a Café Perks

By: _Ajay Bhalla_
On behalf of 3AUB Enterprises, Inc d/b/a Café Perks

Print: Ajay Bhalla

Title: President


A3UB Enterprises, Inc. d/b/a Café Perks

Dated: December 26, 2019   By: _Ajay Bhalla_
On behalf of A3UB Enterprises, Inc. d/b/a Café Perks

Print: Ajay Bhalla

Title: President


Dated: December 26, 2019   UA3 Enterprises, Inc. d/b/a Café Perks

By: _Ajay Bhalla_
On behalf of UA3 Enterprises, Inc. d/b/a Café Perks

Print: Ajay Bhalla

Title: President


Dated: December 26, 2019   Ajay Bhalla

By: _Ajay Bhalla_

Print: Ajay S Bhalla


Dated: December 26, 2019   Uma Bhalla

By: _Uma Bhalla_

Print: Uma Bhalla

5

Dated:  December 26, 2019                Anuj Bhalla

By: _____
    Anuj Bhalla (Dec 26, 2019)

Print: __Anuj Bhalla_____